UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| VICTORIO BAUTISTA, | ) | CV F- 03-6130 AWI DLB P |
| Plaintiff, | ) ) | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | ) | |
| GINNY VAN BUREN, et al., | ) | |
| Defendants. | ) | |

Plaintiff is a federal prisoner confined in the Federal Correctional Institution in Safford, Arizona. Plaintiff seeks relief pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors. This action was transferred to this Court from the District of Arizona.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

1  Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

2      Plaintiff alleges that his right to due process was violated when the disciplinary board
3  convicted him of attempted escape based upon no evidence. Plaintiff alleges that as a result, his
4  security classification was changed thereby affecting his future eligibility for pre-release. He also
5  alleges that the board's disciplinary classification procedures violated his due process rights.
6  Plaintiff seeks monetary damages, restoration of good-time credits, change in security status and
7  injunctive relief. Plaintiff names as defendants Warden Ginny Van Buren, Director Kathleen Hawk
8  Sawyer and United States Attorney General John Ashcroft.

9      As noted by the Arizona District Court, plaintiff fails to link any of the named defendants to
10  the disciplinary proceedings which occurred at FPC Atwater.

11      The Civil Rights Act under which this action was filed provides:

12      Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of
13      any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or
14      other proper proceeding for redress.

15  42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the
16  actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell
17  v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The
18  Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right,
19  within the meaning of section 1983, if he does an affirmative act, participates in another's
20  affirmative acts or omits to perform an act which he is legally required to do that causes the
21  deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In
22  order to state a claim for relief under section 1983, plaintiff must link each named defendant with
23  some affirmative act or omission that demonstrates a violation of plaintiff's federal rights. Plaintiff
24  fails to name any defendants at FPC-Atwater, where he alleges the violation of his rights occurred.
25  The only named defendants are the Warden at FCI - Safford, the Director of BOP and the United
26  States Attorney General. Because plaintiff has failed to link the named defendants with some
27  affirmative act or omission, plaintiff's complaint must be dismissed.

28

1  Plaintiff is also advised that supervisory personnel such as the Warden and the Director
2  cannot be held liable in a <u>Bivens</u> action for the actions of their employees under a theory of
3  <u>respondeat</u> <u>superior</u>.  <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1018 (9th Cir. 1991).

4  In any event, to the extent that plaintiff seeks to challenge the adjudication of the disciplinary
5  charges, plaintiff's claim is barred.  Pursuant to the rule announced in <u>Edwards v. Balisok</u>, 520 U.S.
6  641 (1997), a claim challenging the procedural aspects of a prison disciplinary hearing is not
7  cognizable if the nature of the inmate's allegations are such that, if proven, would necessarily imply
8  the invalidity of the result of the prison disciplinary hearing, unless the prisoner can demonstrate that
9  the result of the disciplinary hearing has been previously invalidated.  520 U.S. at 648; <u>see</u>
10 <u>Butterfield v. Bail</u>, 120 F.3d 1023, 1024 (9th Cir. 1997) (applying <u>Balisok</u> to dismiss action in which
11 a prisoner sought monetary relief based on allegations that prison officials relied on false information
12 to find him ineligible for parole).  Plaintiff's allegations, if proven, would necessarily imply the
13 invalidity of the disciplinary hearing at issue.  Therefore plaintiff's claim is not cognizable absent a
14 demonstration that the prison disciplinary proceedings were previously invalidated or set aside.

15 In summary, the Court finds it necessary to dismiss the complaint in its entirety.  The Court
16 will grant plaintiff an opportunity to amend to cure the deficiencies of this complaint.  Failure to cure
17 the deficiencies will result in dismissal of this action without leave to amend.

18 If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions
19 complained of have resulted in a deprivation of plaintiff's constitutional rights.  <u>See</u> <u>Ellis v. Cassidy</u>,
20 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named
21 defendant is involved.  There can be no liability unless there is some affirmative link or connection
22 between a defendant's actions and the claimed deprivation.  <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976);
23 <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir.
24 1978).

25 In addition, plaintiff is informed that the Court cannot refer to a prior pleading in order to
26 make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended
27 complaint be complete in itself without reference to any prior pleading.  This is because, as a
28

1  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d
2  55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer
3  serves any function in the case.  Therefore, in an amended complaint, as in an original complaint,
4  each claim and the involvement of each defendant must be sufficiently alleged.
5       In accordance with the above, IT IS HEREBY ORDERED that:
6            1.  Plaintiff's complaint is dismissed; and
7            2.  Plaintiff is granted thirty days from the date of service of this order to file an
8  amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of
9  Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket
10 number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original
11 and two copies of the amended complaint; failure to file an amended complaint in accordance with
12 this order will result in dismissal of this action.
13      IT IS SO ORDERED.
14      Dated:   May 8, 2006                 /s/ Dennis L. Beck
   3b142a                               UNITED STATES MAGISTRATE JUDGE