IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| VICTORIO BAUTISTA, | ) | 1:03-cv-06130-AWI-DLB-P |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **FINDINGS AND RECOMMENDATIONS** |
| | ) | **RE DISMISSAL OF ACTION** |
| GINNY VAN BUREN, et al., | ) | (Doc. 3) |
| | ) | |
| Defendants. | ) | |

Plaintiff, Victorio Bautista ("plaintiff"), is a federal prisoner confined in the Federal Correctional Institution in Safford, Arizona. Plaintiff is proceeding pro se in this civil rights action pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

On May 8, 2006, the court dismissed plaintiff's complaint, requiring plaintiff to file an amended complaint in compliance with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice, within thirty (30) days from the date of service of that order. The thirty-day

1

period has passed, and plaintiff has failed to comply with or otherwise respond to the court's order.

Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)(dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986)(dismissal for failure to lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the

2

1 defendants; (4) the public policy favoring disposition of cases on
2 their merits; and, (5) the availability of less drastic
3 alternatives.  Thompson, 782 F.2d at 831; Henderson, 779 F.2d at
4 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61;
5 Ghazali, 46 F.3d at 53.
6      In the instant case, the court finds that the public's
7 interest in expeditiously resolving this litigation and the court's
8 interest in managing the docket weigh in favor of dismissal as this
9 case has been pending since 2003.  The third factor, risk of
10 prejudice to defendants, also weighs in favor of dismissal, since a
11 presumption of injury arises from the occurrence of unreasonable
12 delay in prosecuting an action.  Anderson v. Air West, 542 F.2d
13 522, 524 (9th Cir. 1976).  The fourth factor -- public policy
14 favoring disposition of cases on their merits -- is greatly
15 outweighed by the factors in favor of dismissal discussed herein.
16 Finally, a court's warning to a party that his failure to obey the
17 court's order will result in dismissal satisfies the "consideration
18 of alternatives" requirement.  Ferdik v. Bonzelet, 963 F.2d at
19 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424.  The
20 court's order of May 8, 2006, expressly stated: "...failure to file
21 an amended complaint in accordance with this order will result in
22 dismissal of this action."  Thus, plaintiff had adequate warning
23 that dismissal would result from non-compliance with the court's
24 order.
25      Accordingly, the court HEREBY RECOMMENDS that this action be
26 DISMISSED based on plaintiff's failure to obey the court's order of
27 May 8, 2006.
28 //

1    These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **twenty (20) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

   IT IS SO ORDERED.

   **Dated:   August 2, 2006**              **/s/ Dennis L. Beck**
3c0hj8                                      UNITED STATES MAGISTRATE JUDGE